IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ALICIA BESETTE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 03-0830-CV-W-HFS |
| | ) | |
| AT&T CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff's response to defendant's motion for summary judgment and for reconsideration has been considered. For reasons stated, the response fails to show that the case is not moot, insofar as plaintiff, a former employee, seeks to pursue injunctive and declaratory judgment relief.

Plaintiff does not claim her departure from employment with defendant is an issue for litigation nor does she suggest she has an intention to return to defendant's employment. She purportedly wishes to pursue a ruling that a limitation to mail-order usage for obtaining contraceptives covered by defendant's health coverage is unlawfully discriminatory against women, and seeks to have the limitation enjoined.

Defendant relies on <u>Faibisch v. University of Minnesota</u>, 304 F.3d 797 (8th Cir. 2002) as the most current and authoritative ruling that plaintiff has no standing to seek injunctive relief. That case rules that a "clear intent to seek reinstatement" would be required to establish such standing.

Plaintiff offers nothing responsive. Of course, if she were complaining about termination, the fact of not being an employee would not moot her claim. She tries to distinguish the Minnesota case by saying she seeks a declaratory judgment. It is clear, however, that a declaratory judgment

controversy becomes moot when the plaintiff no longer has standing. See, e.g. Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997); Rolscreen Co. v. Pella Products of St. Louis, Inc., 64 F.3d 1202, 1207 (8th Cir. 1995) (even when legal claims survive, when "there is no longer any relationship between the parties, the complaint for a declaratory judgment was moot").

Even assuming some current employees are dissatisfied with the mail order system and might be able to litigate the issue, plaintiff has no more standing to proceed on her own or on behalf of others than if she had died while this case was being processed. She is seeking to pursue a moot claim.

Defendant's motions for summary judgment and for reconsideration are GRANTED and the case is dismissed as moot. Judgment shall be entered in favor of defendant because of plaintiff's lack of standing. SO ORDERED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

October 11, 2006

Kansas City, Missouri